IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE MONKHOUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3052 |
| | § | |
| STANLEY ASSOCIATES, INC. | § | |
| SHORT TERM DISABILITY INCOME | § | |
| PLAN FOR THE EMPLOYEES OF | § | |
| STANLEY ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff George Monkhouse's Second Motion to Remand (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes that the case should not be remanded.

I. Background

Plaintiff George Monkhouse ("Plaintiff") sued his employer, Stanley Associates, Inc. ("Defendant"), in state court, alleging a failure to provide disability benefits under its Short Term Disability Income Plan ("STD Plan"). On July 28, 2010, Plaintiff in his Response to Request for Disclosure claimed damages in excess of $200,000, which Defendant alleges placed it on notice for the first time that the actual amount in controversy was within the

jurisdiction of this Court.[1] Defendant removed the case based on diversity of citizenship, arguing that it was not facially apparent from the pleadings that the amount in controversy would exceed $75,000, and that it removed the case within the thirty-day statutory period under 28 U.S.C. § 1446(b).[2] Plaintiff contends that Defendant's second notice of removal is untimely because it was facially apparent from the original petition that the claim was "potentially worth more than $75,000."

## II. Motion to Remand

### A. Standard of Review and Applicable Law

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998). Even if federal jurisdiction exists, a federal court cannot hear a removed case unless the removal procedure is followed properly. Royal v. State Farm Fire & Cas. Co., 685 F.2d 124, 127 (5th Cir. 1982).

---

[1] Document No. 1, ex. H at 4.

[2] Defendant had previously removed the case on the erroneous premise of complete preemption under ERISA, which resulted in the case being remanded to state court.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant receives proper service of a pleading which indicates the case is or may be removable. 28 U.S.C. § 1446(b).

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. Any doubt about the propriety of the removal is to be resolved strictly in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

B. Analysis

The parties agree that the requirements for diversity jurisdiction are met: the amount in controversy exceeds $75,000 and the parties are citizens of different states. The sole issue is whether the running of the thirty-day time period for removal began when Plaintiff served his Original Petition on Defendant.

To trigger the thirty-day period for removal, a pleading must "affirmatively reveal[] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (holding that the thirty-day period for removal did

not start until plaintiff answered an interrogatory claiming his amount of damages, when the petition alleged unspecified damages). Chapman adopted "a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." Id.; see also Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002) ("'[i]f the statute is going to run, the notice ought to be unequivocal.'" (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979))).[3] However, the Fifth Circuit has held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." Bosky, 288 F.3d at 210 (citing Marcel v. Pool Co., 5 F.3d 81, 82-85 (5th Cir. 1993) (equating plaintiff's extensive personal injuries and prayer for "past, present and

---

[3] Plaintiff's contention that Defendant could have requested a more definite statement under Federal Rule of Civil Procedure 12(e), and therefore could have ascertained the amount in controversy early in the case, is unavailing because the Fifth Circuit has rejected a due diligence requirement for defendants under these circumstances. See Bosky, 288 F.3d at 210 (citing Chapman, 969 F.2d at 163 (explaining that a contrary rule would "require courts to expend needlessly their resources trying to determine . . . what the defendant would have known had it exercised due diligence")).

future medical expenses" to other cases where damages far exceeded the jurisdictional amount)).

In his Original Petition, Plaintiff's core claim was for loss of thirteen weeks of short-term disability ("STD") benefits under Defendant's plan. Based on Plaintiff's salary at the time, thirteen weeks of SDT would total less than $20,000.[4] Plaintiff also claims unspecified consequential damages for loss of other employee benefits; damages for mental anguish and emotional distress; punitive damages; attorney's fees; and pre- and post-judgment interest.[5] At no point, however, did Plaintiff allege in his petition that he had damages in excess of the federal jurisdictional amount, nor is there any indication from the face of the petition that his damages would likely approach $75,000.[6]

---

[4] Document No. 5 at 6; Document No. 1 at ¶ 6; Plaintiff admits that his final salary was approximately $89,500 per year, or $1,720 per week. Thus, the total value of the benefit under the plan would be $10,320 for the first six weeks and $8,478 for the next seven, or $ 18,748. See Document No. 1, ex. H at 4.

[5] Document No. 1, ex. 2 at ¶¶ 27-34.

[6] Punitive damages, for example, are not available under Plaintiff's breach of contract claim, although they may be available under his breach of fiduciary duty claim. See Manges v. Guerra, 673 S.W.2d 180, 184 (Tex. 1984) (noting that a breach of contract claim will not support punitive damages even if maliciously breached, but that a breach of fiduciary duty claim may). In order for the jurisdictional amount to be met in this case, Plaintiff would have to recover four times his economic damages. Although this is theoretically possible, it is not evident on the face of the pleadings that Plaintiff's award would likely reach this amount. See Tex. Civ. Prac. & Rem. Code § 41.008(b)(West Supp. 2010) ("Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of: (1)(A)

Plaintiff's conclusory claims for mental anguish and emotional distress, and unspecified attorney's fees, do not place Defendant on notice that the case is removable. Even though attorney's fees, mental anguish and emotional distress may factor into the total amount in controversy, the pleading here does not "comment in any fashion on the extent of [Plaintiff's] injuries or the number of billable hours spent by [the] attorney in the matter." HWJ, Inc. v. Burlington Ins. Co., 926 F.Supp. 593, 596 (E.D. Tex. 1996) (commenting that it was not facially apparent from the petition that the jurisdictional amount would likely be met, when the plaintiff was vague about the extent of her injuries and did not specify the amount of attorney's fees sought). Thus, because Plaintiff's petition did not affirmatively reveal on its face that Plaintiff was seeking damages in excess of the minimum jurisdictional amount required in this Court, Defendant timely removed the case within thirty days of receiving a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

---

two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000.").

## III. Order

Based on the foregoing, it is

ORDERED that Plaintiff George Monkhouse's Second Motion to Remand (Document No. 4) is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 16TH day of December, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE